IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INGRID McCONICO, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | |
| v. | : | |
| | : | |
| PRESSLEY PROPERTIES, LLC; and CODY PRESSLEY, | : | Jury Trial Demand |
| | : | |
| Defendants. | : | |

## COMPLAINT

**COMES NOW** Plaintiff, Ingrid McConico ("Plaintiff"), by and through counsel undersigned, and hereby submits her Complaint against Defendant, Pressley Properties, LLC ("Defendant" or "Pressley"), and Defendant, Cody Pressley ("Cody"), (Defendant or Pressley, and Cody, hereinafter collectively referred to as "Defendants"), and shows the Court, as follows:

### Authority

**1.**

Plaintiff's cause of action arises under the provisions of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), seeking

-1-

a remedy for sex discrimination; and under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking a remedy for unpaid compensation. Plaintiff also asserts claims for breach of contract and for quantum meruit, all stemming from her employment with and termination by Defendants.

**Parties, Jurisdiction and Venue**

**2.**

At all times relevant to this action, Plaintiff was and is a resident of the State of Georgia.

**3.**

Pressley Properties, LLC is a foreign limited liability company, located at 8311 Two Notch Road, in Columbia, South Carolina 29223. Pressley Properties, LLC may be served, via its Registered Agent, Cody Pressley, at the same address.

**4.**

Cody Pressley is the owner of Pressley Properties, LLC, located at 8311 Two Notch Road, in Columbia, South Carolina 29223, and may be served at the same address.

**5.**

The jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331.

**6.**

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants own and operate trucks transporting general freight, interstate, including the states of Georgia, South Carolina, North Carolina, Texas, and others, and are subject to the federal rules of law and this Court.

**7.**

All jurisdictional prerequisites to the institution of Plaintiff's lawsuit have been fulfilled. Plaintiff filed her initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts; Plaintiff was issued a Notice of Right to Sue from the EEOC; and, Plaintiff now files this Complaint within 90 days of receipt of said Notice. Plaintiff's May 12, 2021 EEOC Charge of Discrimination is attached hereto as **Exhibit A.**

### Factual Allegations

**8.**

Plaintiff and her partner, Ciera, were hired by Defendants on December 2, 2020, to drive its trucks, transporting general freight, interstate.

**9.**

Plaintiff and Ciera are both female, and were engaged to be married.

**10.**

On January 15, 2021, Plaintiff picked up a load in North Carolina to be delivered in Texas.  Plaintiff stopped at a weigh station and was advised that the load was overweight and that Plaintiff needed to return to the shipper so that the load could be reworked/corrected.

**11.**

Plaintiff then contacted Cody, and advised him that the load was overweight and that it needed to be reworked/corrected.  Cody instructed Plaintiff to avoid the weigh stations.  Plaintiff told Cody that his Compliance, Safety and Accountability ("CSA") score and Plaintiff's license were on the line.  Cody told Plaintiff that she did not need to explain anything to him, and insisted that Plaintiff continue without returning to the shipper for the load to be corrected.

**12.**

Subsequently, Cody sent a group text to Plaintiff and Ciera stating "[m]y patience thin with y'all just so y'all know."

**13.**

On January 20, 2021, Ciera called Cody to ask him to explain the reason for his statement.

**14.**

Almost immediately, Cody responded that had he known that Ciera and Plaintiff "were together," he would not have hired them. He then stated that he did not "personally get down like that" and that he was "not with that."

**15.**

Ciera asked Cody what he meant by his comments and he responded, "[w]ith y'all two being together." Cody was clearly referring to Plaintiff and Ciera's sexual orientation.

**16.**

Approximately two hours later, Plaintiff called Cody from North Carolina because her company fuel card was not working and she was unable to buy fuel to continue the drive to New Jersey.

**17.**

In a very hostile manner, Cody told Plaintiff that he was tired of her, that she should return the truck, and that Plaintiff and Ciera were both terminated.

**18.**

Plaintiff parked the truck at a truck stop, the Flying J, and gave the key to another driver, who was sent by Defendants to the Flying J, to complete the drive/delivery to New Jersey.

**19.**

In accordance with the Employment Agreement between Plaintiff and Defendants, Plaintiff was to be paid 60% of the truck's revenue per week, and Defendants were to receive 40%.

**20.**

Total revenue for the trip from Texas to New Jersey was $4,900.00. Because Plaintiff was terminated, she was unable to complete the trip, but had already driven roughly halfway to the delivery destination, in New Jersey.

**21.**

When Plaintiff tried to collect the money she was owed for the work she had completed, Cody refused to pay her and told her to have her attorney contact him.

## COUNT I
**(Sex Discrimination - Title VII)**

**22.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**23.**

Defendants discriminated against Plaintiff because of her sexual orientation.

**24.**

Defendants' treatment of Plaintiff was motivated by and because of Plaintiff's sexual orientation, which is employment discrimination.

**25.**

Plaintiff performed her duties in a satisfactory manner. She had not broken any company rules, nor had she acted in any manner to warrant termination.

**26.**

Defendants discriminated against Plaintiff on the basis of sex, in violation of Title VII.

**27.**

At the time of the discriminatory acts alleged, Defendants knew or should have known that the means utilized to discriminate against Plaintiff were discriminatory and forbidden by law.

**28.**

Defendants performed the above-described discriminatory actions willfully, wantonly, intentionally, and in reckless and callous disregard of Plaintiff's federally protected rights.

## COUNT II
### (FLSA § 206 – Unpaid Compensation)

**29.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**30.**

The facts stated above support Plaintiff's claims for relief under the FLSA.

**31.**

Defendants are liable to Plaintiff for any and all compensation due her from the time she began her journey from Texas, until Plaintiff parked Defendants' truck in North Carolina, on January 20, 2021.

**32.**

Defendants' failure to compensate Plaintiff with a minimum wage or for time worked/loads delivered is a violation of § 206 of the Fair Labor Standards Act of 1938, as amended.

**33.**

At the time of the discriminatory acts alleged, Defendants knew or should have known that failure to pay minimum wage or to fairly compensate Plaintiff was forbidden by law.

**34.**

Defendants performed the above-described discriminatory actions willfully, wantonly, intentionally, and in reckless and callous disregard of Plaintiff's federally protected rights.

**35.**

Said violation gives rise to a claim for relief under the FLSA for Plaintiff for compensation for all unpaid compensation, liquidated damages in an amount equal to the unpaid compensation, and for reasonable attorney' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT III
**(Breach of Contract)**

**36.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**37.**

Plaintiff performed all of her duties satisfactorily. She had not broken any company rules, nor had she acted in any manner to warrant termination.

**38.**

Defendants refused to compensate Plaintiff, according to the terms of the Employment Agreement previously entered into by Defendants and Plaintiff.

**39.**

Plaintiff performed the work she was hired to perform until Defendants made it impossible for her to do so by cancelling the company bank card Plaintiff used to fuel the truck she drove.

**40.**

Plaintiff and Defendants had a contract which required Defendants to pay Plaintiff per the contractual terms. Defendants breached this contract and refused to pay Plaintiff under the contract for the work she performed.

### COUNT III
### (Quantum Meruit)

**41.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**42.**

Plaintiff performed valuable work and services on behalf of Defendants and good conscience and equity requires that Defendants pay Plaintiff for the reasonable value of her services. Defendants benefited from these services and had the reasonable expectation that it would owe Plaintiff for her services. Defendants breached this obligation and refused to pay Plaintiff under her contract or for the load she transported.

**WHEREFORE,** Plaintiff respectfully prays for judgment against the Defendants, as follows:

(a) That Defendants be ordered to formulate, distribute and implement a written policy which does not discriminate in any manner which is a violation of Title VII or the FLSA;

(b) That Plaintiff be awarded payment for all work performed for which she did not receive compensation; liquidated damages equaling 100% of such compensation due Plaintiff; and, prejudgment interest on all amounts owed, as required by the FLSA;

(c) That Plaintiff be awarded payment for all work performed for which she did not receive compensation for her breach of contract or quantum meruit claims.

(d) That Plaintiff recover compensatory damages for Defendants' willful violations of Title VII;

(e) That Plaintiff be awarded punitive damages to punish Defendants for their unlawful actions and violations of Title VII;

(f) That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees; and

(g)     That Plaintiff be awarded such other relief as the Court deems just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury of all issues in this action.

Dated this 8th day of April 2022.

                                **PANKEY & HORLOCK, LLC**

                                By:  */s/ Larry A. Pankey*
                                   Larry A. Pankey
                                   Georgia Bar No. 560725
                                   ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, of Pankey & Horlock, LLC, attorney for Plaintiff, Ingrid McConico, hereby certify that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 8th day of April 2022.

        **PANKEY & HORLOCK, LLC**

        By:  */s/ Larry A. Pankey*
              Larry A. Pankey
              Georgia Bar No. 560725
              ***Attorneys for Plaintiff***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **INGRID McCONICO,** | : | |
| | : | |
| Plaintiff, | : | **Civil Action File No.** |
| | : | |
| v. | : | |
| | : | |
| **PRESSLEY PROPERTIES, LLC; and CODY PRESSLEY,** | : | **Jury Trial Demand** |
| | : | |
| Defendants. | : | |
| _____ | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing **Complaint** with the Clerk of Court using the CM/ECF system.

Dated this 8th day of April 2022.

        **PANKEY & HORLOCK, LLC**


        By: */s/ Larry A. Pankey*
           Larry A. Pankey
           Georgia Bar No. 560725
           ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone: 770-670-6250
Facsimile: 770-670-6249
LPankey@PankeyHorlock.com

-14-

# EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA  [X] EEOC

Agency(ies) Charge No(s): **436-2021-00530**

**South Carolina Human Affairs Commission** and EEOC
*State or local Agency, if any*

| Field | Value |
|---|---|
| Name | Ingrid T. McConico |
| Home Phone | (803) 569-8722 |
| Street Address | |
| City, State and ZIP Code | Nashville, GA |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Pressley Properties, LLC | 15-100 | (803) 201-7624 |
| Street Address: 8311 Two Notch Rd. | City, State and ZIP Code: Columbia, SC 29223 | |

DISCRIMINATION BASED ON: [X] SEX

DATE(S) DISCRIMINATION TOOK PLACE — Earliest: 12/2/2020  Latest: 1/20/2021

THE PARTICULARS ARE:

I am a female. My female fiancé and I began our employment with Pressley Properties, LLC on December 2, 2020. I performed the duties of my position at a satisfactory level throughout my employment with Pressley Properties. On January 20, 2021, my fiancé spoke to our male employer, Cody Pressley, to address concerns about his hostile and unaccepting treatment toward us. Briefly into the conversation, Pressley told my fiancé that if he would have known my fiancé and I were together, he would not have hired us. Pressley stated that he does not "personally get down like that" and that he was "not with that." My fiancé asked what he meant by his comments, and he responded, "With y'all two being together" and confirmed he was referring to our sexual orientation.

About two hours later, I contacted Pressley because the fuel card was not working. Pressley responded in a hostile manner, stated that he was tired of me, told me to return the truck, and terminated both of us.

Therefore, I believe I have been discriminated against based on my sex and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 5-12-21
Charging Party Signature: Ingrid McConico

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: Ingrid McConico

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): May 12, 2021